**Jerry A. BELVIN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 76–1245.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1976.

Decided July 29, 1976.

Rehearing Denied Aug. 19, 1976.

Daniel E. Wherry, U. S. Atty., Lincoln, Neb., and Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., for respondent.

Charles I. Scudder, Omaha, Neb., for petitioner.

Before GIBSON, Chief Judge, LAY and HENLEY, Circuit Judges.

PER CURIAM.

This is an appeal under 28 U.S.C. § 2255 from a denial by the United States District Court for the District of Nebraska, the Honorable Robert V. Denney presiding, of Jerry A. Belvin's petition to set aside his guilty plea. The only issue raised on appeal is the trial court's failure to hold an evidentiary hearing on petitioner's mental competency.

On December 14, 1973, a grand jury returned an indictment against the petitioner charging him with kidnapping under 18 U.S.C. § 1201(a), interstate transportation of a stolen motor vehicle under 18 U.S.C. § 2312, and interstate transportation and use of a firearm by a felon under 18 U.S.C. §§ 922(a) and 924(a) and (c).

After Belvin entered a plea of not guilty to all charges, his counsel sought a competency examination pursuant to 18 U.S.C. § 4244 because at that time petitioner claimed that he had amnesia and could not remember the events leading to his arrest and indictment. The trial court committed Belvin to the Springfield Medical Center for purposes of a competency examination. Thereafter Judge Denney received an opinion from the staff of the medical center which concluded that the petitioner "is presently a personality problem but is free of mental disease or defect and we consider him competent to return to court to stand trial." Petitioner was returned to the district court and upon motion of his counsel was allowed an independent psychiatric examination. At a subsequent hearing counsel announced,

> I have had Belvin examined by someone whom I feel to be a competent psychiatrist and also tests run by some compe-

tent neurologists here in Omaha. . . [I]f they were called, they would have to say such condition [amnesia] does not exist.

Both prior to and after this comment, the court inquired if Belvin understood the nature of the proceedings and was satisfied with the performance of his attorney. At all times, petitioner responded in the affirmative.

On this basis Judge Denney accepted the withdrawal of petitioner's plea of not guilty and entrance of his guilty plea. On May 2, 1974, Belvin was sentenced to 25 years imprisonment.

We find no error in these proceedings. Under the circumstances there is an insufficient showing to raise a bona fide question or reasonable doubt as to petitioner's competence and the trial court was under no obligation to hold an evidentiary hearing. *See, e.g., United States v. Dworshak,* 514 F.2d 716 (8th Cir. 1975); *United States v. Knohl,* 379 F.2d 427 (2nd Cir. 1967). We therefore affirm the denial of the § 2255 petition on the basis of Judge Denney's opinion.

It is so ordered.