UNITED STATES of America, Appellee,

v.

Martin W. MONTEER, Appellant.

No. 77–1209.

United States Court of Appeals, Eighth Circuit.

Submitted June 3, 1977.

Decided June 9, 1977.

Martin W. Monteer, pro se.

Bert C. Hurn, U. S. Atty., and J. Whitfield Moody, First Asst. U. S. Atty., Kansas City, Mo., on brief, for appellee.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Martin W. Monteer appeals from the dismissal of his postconviction petition for lack of jurisdiction. We affirm.

In 1975, Monteer was convicted of bank robbery in the United States District Court for the Western District of Missouri and sentenced to sixteen years imprisonment. His conviction was affirmed on appeal. *United States v. Monteer*, 512 F.2d 1047 (8th Cir.), *cert. denied*, 423 U.S. 855, 96 S.Ct. 103, 46 L.Ed.2d 80 (1975). In October 1976, while confined at the United States Penitentiary at Leavenworth, Kansas, Monteer filed a motion pursuant to 28 U.S.C. § 2255 with the sentencing court, alleging that the prison officials were failing to credit him with the ten days per month good time to which he was entitled under 18 U.S.C. § 4161. The district court treated the petition as one for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and dismissed it for lack of jurisdiction on grounds that neither petitioner nor his custodian was within the territorial jurisdiction of the court. This appeal followed.

Monteer's challenge is to the manner of execution of his sentence rather than the sentence itself. Accordingly, his claim is not cognizable under § 2255. *See, e.g., Gra-*

*vink v. United States,* 549 F.2d 1152, 1153 (8th Cir. 1977); *Lee v. United States,* 501 F.2d 494, 500 (8th Cir. 1974).

 Monteer's claim is cognizable under § 2241; however, we agree that the district court lacked jurisdiction to entertain it as such. Habeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court. *See, e.g. Braden v. Thirtieth Judicial Circuit Ct.,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Gravink v. United States, supra* at 1154; *Lee v. United States, supra* at 501.

The judgment of dismissal is affirmed.