**UNITED STATES of America, Appellee,**

v.

**Curtis William JANIS, Appellant.**

No. 78–1661.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1979.
Decided May 22, 1979.

Curtis William Janis, pro se.

Thomas H. Barnes, Rapid City, S. D., filing brief, for appellant.

Robert D. Hiaring, U. S. Atty., Jeffrey L. Viken, Asst. U. S. Atty. and Jeffrey T. Sveen, Law Intern, Sioux Falls, S. D., for appellee.

Before LAY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Curtis William Janis was committed to the custody of the Attorney General for treatment and supervision pursuant to the Federal Youth Corrections Act, 18 U.S.C. § 5010(b), upon his plea of guilty to assault with intent to commit rape. 18 U.S.C. § 1153; S.D. Compiled Laws Ann. § 22–18–14. While incarcerated at the Federal Correctional Institution at Englewood, Colorado, he filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the court which had imposed his sentence. This appeal followed denial of the motion without a hearing.

Janis alleges commitment for treatment and supervision under the Federal Youth Corrections Act, *id.,* was a promise made in his plea bargain agreement. Because the Englewood institution allegedly does not meet the criteria set forth in the Act, Janis claims he should be allowed to withdraw his plea and, due to the time he has already served, be released.

 It is evident from Janis' allegations that he does not challenge the imposition or legality of his sentence, but its execution. *See United States v. DiRusso,* 535 F.2d 673, 676 (1st Cir. 1976); *Robinson v. United States,* 474 F.2d 1085, 1091 (10th Cir. 1973); *Mordecai v. United States,* 137 U.S.App. D.C. 198, 204–205, 421 F.2d 1133, 1139–1140 (1969), *cert. denied,* 397 U.S. 977, 90 S.Ct. 1098, 25 L.Ed.2d 272 (1970). Accordingly, his claim is not cognizable under 28 U.S.C. § 2255. *United States v. Monteer,* 556 F.2d 880 (8th Cir. 1977); *Lee v. United States,* 501 F.2d 494 (8th Cir. 1974).

Under 28 U.S.C. § 2241 a claim may be asserted where personal jurisdiction may be obtained over Janis' custodian, whether the warden of the Englewood, Colorado institution or the United States Bureau of Prisons. *United States v. Monteer, supra* at 881; *Lee v. United States, supra* at 501. The jurisdictional requirement was not met below.

Accordingly, we vacate the judgment and remand with directions to dismiss for lack of jurisdiction without prejudice to filing the petition in the proper forum.