UNITED STATES of America, Appellee,

v.

**John Gary PEELER, Appellant.**

No. 83–1940.

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1984.

Decided June 27, 1984.

Rehearing Denied July 26, 1984.

Certiorari Denied Oct. 29, 1984.

See 105 S.Ct. 339.

Before ROSS, JOHN R. GIBSON and BOWMAN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

John Gary Peeler pled guilty to two counts of violating 26 U.S.C. §§ 5861 and 5871 (1982) arising out of the manufacture and sale of pipe bombs. He then moved under 28 U.S.C. § 2255 (1982) to vacate, set aside or correct his sentence on the grounds that (1) he was mentally incompetent at the time he pled guilty; (2) his attorney was ineffective and had a conflict of interest; and (3) his guilty plea was involuntary because it was induced by promises of leniency made by government prosecutors and his attorney. Peeler argues on appeal that the district court[1] erred in denying his motion without a hearing. We affirm.

Following indictment, Peeler moved pursuant to 18 U.S.C. § 4244 (1982) for a judicial determination of mental competency. On October 31, 1981, the district court ordered him to undergo psychiatric evaluation at the Medical Center for Federal Prisoners at Springfield, Missouri. On March 25, 1982, the district court conducted a competency hearing and made a tentative finding that Peeler was competent to stand trial. Out of an "abundance of caution," however, it ordered him returned to the Medical Center for supplemental testing.

On May 6, the district court held a second competency hearing. The government presented the reports of two doctors from the Medical Center staff. The first, Dr. Logan, concluded that Peeler was competent, although he qualified this with the recommendation that "it is advisable to closely monitor competency through the course of the trial process." The second, Dr. Reuterfors, reported that Peeler was not competent to stand trial. Peeler presented the findings of two experts, one of which, Dr. Stevens, was a private clinical psychologist retained by Peeler's attorney. Both concluded that Peeler was mentally

George W. Proctor, U.S. Atty., E.D. Ark., Terry L. Derden, Asst. U.S. Atty., Little Rock, Ark., for appellee.

John Gary Peeler, pro se.

1. The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas.

incapacitated, but stated that he might respond to treatment. Peeler also offered lay testimony and some documentary evidence tracing his unstable mental condition back to 1970. On this basis, the district court determined that Peeler was not competent to stand trial and recommitted him for not less than sixty days and directed that a supplemental report be filed with the court at that time.

On July 23, the district court held a hearing for change of plea and sentencing. The court had before it the July 2 supplemental report of Dr.'s Logan and Reuterfors. They both agreed that Peeler had responded to treatment and that, while his condition was "fragile," he was not sufficiently rational to understand the legal proceedings against him and to assist in his defense. After discussing the matter with Dr. Stevens, Peeler's attorney stated to the court that he believed that a guilty plea was proper under the circumstances. Peeler spoke about twenty-five words during the hearing and his courtroom behavior was observed. The district court concluded that "[f]rom [the July 21 report and from the statement made by Mr. Peeler and by his counsel, the Court finds that he would be sufficiently rational to enter a plea of guilty knowingly if this is what he wants to voluntarily do." Following the plea, Peeler and his attorney were given a short break to study the presentence report and thereafter Peeler engaged in extended discussions with the district court concerning its accuracy. He was sentenced to two three-year terms to be served consecutively.

A section 2255 movant is entitled to an evidentiary hearing unless "the files

and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255. This standard is presumptively met where the movant alleges incompetence at the time of plea and that issue was presented and adjudicated in the proceedings leading to conviction. *Rose v. United States,* 513 F.2d 1251 (8th Cir.1975). A prior adjudication of competency cannot, however, operate as an absolute bar to a section 2255 evidentiary hearing on the same issue. There exists the possibility that the petitioner could present evidence not considered, or improperly considered, by the district court that would entitle him or her to an evidentiary hearing.[2] *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) (allegation of events outside the "files and records of the case" entitle prisoner to section 2255 hearing); *Taylor v. United States,* 282 F.2d 16 (8th Cir.1960) (report outside "files and records of the case" cannot serve as basis for denying section 2255 hearing). Thus, a prior competency determination conducted in accordance with the provisions of 18 U.S.C. § 4244 will bar a section 2255 evidentiary hearing on the same issue unless the petitioner presents evidence not considered, or improperly considered, by the district court which raises a "bona fide question or reasonable doubt" as to his or her competence. *Belvin v. United States,* 538 F.2d 1335, 1336 (8th Cir.1976), *cert. denied,* 429 U.S. 1100, 97 S.Ct. 1123, 51 L.Ed.2d 549 (1977).

Peeler first argues that he was mentally incompetent when he pled guilty because he had not taken his daily dose of Haldol

---

**2.** Our precedents support this principle. *See Belvin v. United States,* 538 F.2d 1335, 1336 (8th Cir.1976), *cert. denied,* 429 U.S. 1100, 97 S.Ct. 1123, 51 L.Ed.2d 549 (1977) (prior determination of competency conclusive where section 2255 motion fails to raise "bona fide question or reasonable doubt"); *Rose,* 513 F.2d at 1255 (prior determination conclusive in "appropriate circumstances"); *Dranow v. United States,* 407 F.2d 47, 49 (8th Cir.1969) (prior determination conclusive where section 2255 motion contains only bald conclusion of incompetency); *Richards v. United States,* 342 F.2d 962, 964 (8th Cir.1965) (same); *Krupnick v. United States,* 264

F.2d 213, 217 (8th Cir.1959) (prior determination would "ordinarily be res adjudicata"). Dictum in other cases is not controlling. *Wheeler v. United States,* 340 F.2d 119 (8th Cir.1965) (no competency determination in proceeding leading to conviction); *Breaton v. United States,* 303 F.2d 557 (8th Cir.1962) (same); *Simmons v. United States,* 253 F.2d 909 (8th Cir.1958) (same). *But see Bradley v. United States,* 347 F.2d 121 (8th Cir.1965), *cert. denied,* 382 U.S. 1016, 86 S.Ct. 628, 15 L.Ed.2d 530 (1966) (prior determination of competency forecloses issue in subsequent section 2255 proceeding).

and other drugs which had been prescribed for him by Medical Center psychiatrists. He supports this claim with an excerpt from *Physicians' Desk Reference* (PDR) which describes the effects of Haldol withdrawal.[3]

■ This claim is without merit. The district court was aware that Peeler was on medication and that he had taken none on the day of his plea.[4] Its order denying Peeler's section 2255 motion reveals that it considered this factor among others in ruling him competent to change his plea.[5] Moreover, general descriptions like that contained in PDR fail to create a bona fide question or reasonable doubt that Peeler *personally* suffered the effects of drug withdrawal or that he was incompetent at the time of plea. Such symptoms, if existing, would have been readily apparent to the district court.[6]

Peeler next contends that the district court improperly concluded from statements made by his attorney that Dr. Stevens had found Peeler competent to plead guilty at the July 23 hearing. The district court asked Peeler's attorney if he had recently consulted with Dr. Stevens. He responded by saying that he had talked with Dr. Stevens the previous morning, and

that "as a result of that conversation ... I am further convinced that John is doing the right thing this morning and that it is right and proper for him to enter a guilty plea this morning." Peeler asserts that the district court misconstrued this statement as evidence that Dr. Stevens had pronounced him competent. In support of this claim, Peeler includes a letter from Dr. Stevens stating that "I did not have an opportunity to later evaluate you so [I] have no way of offering an opinion as to your mental condition at the time of plea." He argues that this letter proves that Dr. Stevens made no such finding.

■ This claim must also be rejected. It is far from certain that the district court interpreted the statement made by Peeler's attorney as representative of Dr. Stevens' medical opinion as to Peeler's competency. In its order denying the 2255 motion, the district court stated:

"The defendant's attorney also clearly indicated that he believed the defendant to be capable of changing his plea to guilty. The Court notes that the attorney made this statement after consulting with the defendant's private psychologist."

3. These effects include "Insomnia, restlessness, anxiety, euphoria, agitation, drowsiness, depression, lethargy, headache, confusion, vertigo, grand mal seizures, exacerbation of psychotic symptoms including hallucinations and catatonic-like behavioral states which may be responsive to drug withdrawal and/or treatment with anticholinergic drugs." *Physicians' Desk Reference* 1184 (38th ed. 1984).

4. THE COURT: I am also going to ask you if at this time you are under the influence of any medication, alcohol, drugs or anything that would impair your understanding of these proceedings.
THE DEFENDANT: No. This is the first day in a long time that I have not been.

5. The district court order contains the following recitation:
The Court finds no basis in this allegation inasmuch as defendant stated he had received no medication that day and the medication given to him in the past was to help with his anxiety, but in no way did it affect his ability to understand the proceedings at which he

pled guilty. The Court carefully examined the defendant at that hearing before accepting his change of plea and found him to be fully capable of doing so. The defendant's attorney also clearly indicated that he believed the defendant to be capable of changing his plea to guilty. The Court notes that the attorney made this statement after consulting with the defendant's private psychologist.
The Court observed the defendant closely at the time of the plea change; numerous questions were asked of him so the Court could be sure that he knew the consequences of his guilty plea. The defendant appeared to be in complete control of himself and fully aware of the proceedings. There is nothing in the transcript to suggest anything other than that the defendant knew precisely what he was doing and that he knowingly and voluntarily changed his plea.

6. Peeler also argues strenuously that the district court order denying his 2255 motion was internally inconsistent in its discussion of the effects of Haldol withdrawal. Read in its entirety, we believe the order reflects a proper evaluation of this factor in determining Peeler's competence.

In addition, the letter is sufficiently ambiguous such that it fails to raise a bona fide question or reasonable doubt as to Peeler's competence. In addition to the language quoted by Peeler, Dr. Stevens also wrote "I further understood that with the medication given you at [the Medical Center], your emotional condition had improved significantly and that you were then in a condition where you could assist your attorney in your own defense."

In summary, the district court determined Peeler's competency in accordance with 18 U.S.C. § 4244 and that determination was supported by ample evidence. In his section 2255 motion, Peeler has failed to produce any evidence not considered, or improperly considered, by the district court in the original proceeding which raises a bona fide question or reasonable doubt as to his competency. Under these circumstances, "the files and records of the case conclusively show that the prisoner is entitled to no relief," and the district court did not err in denying him an evidentiary hearing on this issue.

The remaining two grounds of Peeler's motion are that he was denied effective assistance of counsel and that his guilty plea was involuntary due to unkept promises of leniency made by government prosecutors and his attorney. Unlike the issue of competence, these claims were not previously resolved in the proceedings leading to his conviction. Peeler must still, however, "allege facts which, if true, would entitle him to relief; merely stating unsupported conclusions will not suffice." *Woods v. United States*, 567 F.2d 861, 863 (8th Cir. 1978).

Peeler contends that he was denied effective assistance of counsel because his attorney (1) represented the City of North Little Rock and therefore had a conflict of interest and (2) failed to investigate and interview witnesses and allowed him to change his plea to guilty.

■ A conflict of interest rises to the level of a sixth amendment violation if "an actual conflict of interest adversely affected [the] lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708,

1718, 64 L.Ed.2d 333 (1980); *United States v. Unger*, 700 F.2d 445, 450 (8th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 339, 78 L.Ed.2d 308 (1983). There is no evidence that an actual conflict of interest existed. The district court concluded that only Bureau of Alcohol, Tobacco and Firearm agents, and not North Little Rock police, were involved in the investigation. Peeler offers as evidence a news report which states that he "was one of two men who [were] arrested in October as part of an Arkansas State Police investigation of organized crime in the Little Rock area." There is no evidence, however, of the relationship between the Arkansas State Police and the North Little Rock Police Department, much less of the relationship between his attorney and the police department. Peeler's claim reduces to an unsupported assertion, and the district court properly denied an evidentiary hearing on this issue.

■ Peeler's claim that his attorney was ineffective must be similarly rejected. Peeler had personally retained his attorney. He fails to indicate which witnesses were not called or what relevance their testimony would have to his defense. Indeed, his attorney did secure one lay witness who testified favorably to Peeler's position at the May 6 hearing, as well as two expert witnesses and documentary evidence dating back to 1970. Nor can we say that a guilty plea under the circumstances was unwarranted. Peeler simply fails to offer any evidence that his attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, —— U.S. ——, ——, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). We therefore need not reach the second element—prejudice to the defendant—of a sixth amendment ineffectiveness of counsel claim. *Id.* at ——, 104 S.Ct. at 2066.

Peeler's final contention is that his guilty plea was involuntary because it was induced by unkept promises made by government prosecutors and his attorney. He asserts that he was promised that a plea of guilty would result in a six-year term of which he would have to serve only one-third. He also argues that the Parole Com-

mission improperly considered dismissed counts in computing the time he must serve.

The district court characterized this claim as a "groundless assertion" and we agree. The only evidence offered by Peeler in support of this alleged promise is the district court's statement that "[n]o other counts of the indictment [beyond the two Peeler pled guilty to] will be given any consideration at all by the Court." The district court found no evidence that the government or Peeler's attorney made such a promise or that the Parole Commission improperly computed the time to be served. The government prosecutor stated in open court that "[t]he United States will make no recommendation as to sentence." Furthermore, the plea was entered in accordance with the provisions of Fed.R.Crim.P. 11, including the following colloquy between Peeler and the district judge:

> "THE COURT: The Court also wants to advise you that I am not involved in plea bargaining in any way and would not be bound by any plea agreement between you and the government if such has been reached; that is, as to the length of sentence. The power of sentence is vested exclusively with the Court. I must make sure that you are not relying on some promise of the government as to the length of sentence you would get. Have you been promised anything by the government?
>
> THE DEFENDANT: The government has made me no promises.

While representations made in compliance with Rule 11 do not foreclose subsequent investigation into the voluntariness of a plea, *United States v. Goodman*, 590 F.2d 705, 710 (8th Cir.), *cert. denied*, 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979), they are entitled to great weight:

> [T]he representations of the defendant, his lawyer and the prosecutor at such a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory alle-

gations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S.Ct. 1621, 1628–1629, 52 L.Ed.2d 136 (1977). Peeler's allegation that he was promised leniency is unsupported by specific facts. The district court was thus correct in denying the section 2255 motion on this issue without an evidentiary hearing.

Accordingly, we conclude that the district court did not err in denying without a hearing all of the claims raised in Peeler's section 2255 motion. The judgment of the district court is affirmed.