**David Paul VOYTIK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 84–2500.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 10, 1985.

Decided Dec. 6, 1985.

Rodney M. Confer, Lincoln, Neb., for appellant.

Paul D. Boeshart, Lincoln, Neb., for appellee.

Before HEANEY, JOHN R. GIBSON and FAGG, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

David Paul Voytik pleaded guilty in federal district court[1] to violating 18 U.S.C. § 659 (1982) by stealing a trailer in interstate commerce loaded with pork. The district court sentenced him on August 10, 1979 under the Youth Corrections Act [YCA], 18 U.S.C. § 5010(b) (1976).[2] Voytik moved under 28 U.S.C. § 2255 (1982) to vacate or correct the sentence, alleging that (1) his guilty plea was entered involuntarily; (2) he was denied effective assistance of counsel in making a motion for reduction of sentence under Federal Rule of Criminal Procedure 35 (Rule 35); and (3) his sentence was not executed in accordance with the YCA's guidelines and policies. The district court denied the motion without an evidentiary hearing and Voytik challenges that disposition on appeal. We conclude that the district court did not err in rejecting Voytik's claims. We affirm.

Voytik was apprehended at a truck weighing station while he was in possession of a stolen trailer loaded with pork. He was charged with violating 18 U.S.C. § 659, which prohibits taking and carrying away with intent to convert goods in interstate commerce, and 18 U.S.C. § 2312, which prohibits transporting a stolen vehicle in interstate commerce. Voytik initially pleaded not guilty to both charges. He claims that he later came under extreme duress when state authorities filed charges against him based on the same conduct. His attorney, he claims, then coerced him into pleading guilty. He pleaded guilty in the district court to the first charge and, in exchange, the second charge was dropped. Voytik now alleges that the plea was involuntary and taken under a procedure which violated Rule 11 of the Federal Rules of Criminal Procedure.

Voytik claims further that while in prison he learned of his right to file a Rule 35 motion for reduction of his sentence and asked his lawyer to file one. His attorney did not file a motion. Eventually, by letter to the district judge, Voytik requested a reduction in his sentence. The court treated the letter as a request for relief under Rule 35 and informed Voytik that it had no power to act because more than 120 days had passed since his sentence was imposed. Voytik claims that his attorney's failure to make a timely Rule 35 motion constituted ineffective assistance of counsel.

Finally, Voytik challenges the conditions under which his sentence was executed, alleging that he did not receive rehabilitative treatment, had not been segregated from adult offenders, and had not been considered for parole or release as required by the YCA.

Voytik raised these contentions in a section 2255 motion. The district court, upon review of the record without an evidentiary hearing, denied relief on all Voytik's claims. The court found no evidence that the defendant's plea was involuntary or coerced. The court also rejected the ineffective assistance of counsel claim, finding that it would not have reduced or modified Voytik's sentence had a proper Rule 35 motion been made. Finally, the court ruled that it lacked jurisdiction to adjudicate Voytik's challenges to the manner in which his sentence was executed.

Voytik now challenges the district court's summary dismissal of his section 2255 motion.

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

2. Repealed by Pub.L. 98–473, Title II, 218(a)(8) (1984).

## I.

A prisoner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. § 2255; *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison,* 431 U.S. 63, 73, 97 S.Ct. 1621, 1628, 52 L.Ed.2d 136 (1977); *United States v. Goodman,* 590 F.2d 705, 710 (8th Cir.1979). Thus, a petition which consists only of "conclusory allegations unsupported by specifics [or] * * * allegations that, in the face of the record, are wholly incredible," *Blackledge v. Allison,* 431 U.S. 63, 73, 97 S.Ct. 1621, 1629; *see also Goodman,* 590 F.2d at 710, is insufficient to overcome the barrier to an evidentiary hearing on a section 2255 motion.

Voytik urges us to reverse the district court's holding on the strength of our decision in *United States v. Unger,* 665 F.2d 251 (8th Cir.1981). *Unger* involved a section 2255 motion to vacate a conviction on kidnapping charges. Unger alleged that her attorney induced her to plead guilty with the promise of probation if she would do so. She alleged, further, that when she attempted to refuse her attorney told her that she would receive the death penalty if she went to trial. We concluded that her allegations were stated with sufficient specificity and were neither conclusory nor incredible in the face of the record. *Id.* at 253–54. We therefore remanded the case to the district court for an evidentiary hearing.

Voytik's allegations are not as specific as those in *Unger.* While we are governed by the principle that pro se pleadings must be liberally construed, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Miles v. ERTL Compa-*

*ny,* 722 F.2d 434, 435 (8th Cir.1983), a challenge based on an absence of voluntariness must state specific facts sufficient to overcome the presumption of verity which attached to the in court representations. Thus, the principle of liberal construction will not save Voytik's pleadings if they are based on conclusory or non specific factual allegations. *See, e.g., Munz v. Parr,* 758 F.2d 1254, 1259 (8th Cir.1985) (rule of liberal construction failed to save a broad and conclusory pro se pleading); *Grady v. Wilken,* 735 F.2d 303, 304 (8th Cir.1984) (court affirmed dismissal of pro se complaint based on broad and conclusory factual allegations).

Voytik's section 2255 motion alleged that at the time the plea was taken he was under extreme duress due to pending state charges arising from the same conduct. In his memoranda of law in support of the motion, he claimed that he was then "induced by his counsel" to change his plea to guilty "by means of *various forms of promises and threats* to coerce and intimidate [him]." He also alleged that he was "*hoodwinked* into a guilty plea *under the belief* that he was to do no more than six months of the Youth Corrections Act" and that his record would be expunged. Finally, Voytik alleged in his memoranda that when his plea was taken no mention was made of adult charges which could be imposed. In a response brief Voytik referred to "*implied* threat * * * that failure to plead [guilty] would result in a finding of guilty and a 10 year adult sentence." [Emphases added.]

The district court carefully reviewed the record of the plea-taking and the written petition to enter a plea. With respect to Voytik's allegation that he was tricked as to the sentence that he would receive, the court observed:

The defendant alleges that counsel "hoodwinked the [defendant] into a plea of GUILTY, under the belief that he was to do no more than six months of the Youth Corrections Act, 5010(b) ... as well as expungement of the conviction.... This was also believed due to

the fact that no mention was made as to the options available to the [defendant] in the way of adult penalties the Court could impose on him." Again, the record shows the assertion not to be true. Question 23 of the petition to enter plea of guilty asked: "Do you know that the sentence you will receive is solely a matter for the judge to decide? He answered yes. Question 24 asked: What is the maximum punishment which the law provides for the offense or offenses to which you want to plead GUILTY?" The answer was: "A fine of not more than $5,000, imprisonment of not more than 10 years, or both." Question 25 asked: "If you are at least eighteen (18) and not more than twenty-six (26) years of age, do you realize that the court may sentence you under the provisions of the Youth Corrections Act or as a Young Adult Offender for an indeterminate sentence (18 U.S. § 5010(b)), which may require you to spend as long as six (6) years in a penal institution? The answer was yes. Question 31 was: "Has anyone suggested to you that you will receive a lighter sentence if you plead GUILTY?" His answer was no. Question 32 was: "Has the judge made any suggestion as to what the actual sentence will be?" His answer was no.

*United States v. Voytik*, No.Cr. 79–L–07, mem. op. at 2–3 (D.Neb. Oct. 3, 1984)

In his petition to enter a plea, Voytik also answered "No" to the following questions: (1) Has any threat of any kind been made by anyone that causes you to plead guilty? (2) Are you making this plea of guilty because you are afraid to plead not guilty or because of any pressure by anybody? Voytik answered "Yes" to the question "Has any plea agreement been made by you with anyone which causes you to plead guilty?" To the question "[E]xactly what is that agreement as you understand it," he answered "Dismissal of Count 1 in exchange for a guilty plea on Count 11." And finally, Voytik answered "No" to the question "Has any promise been made by anyone which causes you to plead guilty, aside from the promises, if any, set forth in [the preceding question]?" At the plea-taking hearing, the court reviewed Voytik's responses and further inquired into his understanding of the agreement. The Court found that Voytik's responses indicated that he understood the nature of the plea and the terms of the agreement.

Voytik's vague allegations of impropriety and coercion fail to overcome the presumption of verity that attaches to the specific representations set forth above. We believe that this case is similar to *United States v. Peeler*, 738 F.2d 246 (8th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 339, 83 L.Ed.2d 274 (1984). Peeler contended that his guilty plea was involuntary because it was based on unkept promises made by the prosecuting attorney. The district court in *Peeler* observed that the prosecuting attorney stated in open court that the government made no recommendation as to Peeler's sentence. The court then concluded that, given the clarity of the record, Peeler's assertions were groundless. We affirmed the district court's ruling in *Peeler* which was based on that court's careful analysis of the record. *Id.* at 251.

In this case the district court carefully evaluated the entire record. The record shows that the maximum penalty for the offense involved was revealed in the written plea statement and again in open court. The defendant stated in court that no one had promised him a lighter sentence. Against this record the court evaluated Voytik's allegations and concluded that the plea was entered voluntarily.[3] We find no error in the plea-taking proceeding and affirm the district court's conclusion that

---

**3.** Voytik points to portions of the record of the plea-taking proceeding in which a previous head injury and psychiatric problems are discussed. He does not suggest, however, nor does the record show, that these factors rendered him unable to comprehend the nature of his plea.

The record shows that Voytik recited the events which constituted the offense charged with unhesitating clarity. These portions of the record, therefore, do not strengthen Voytik's claim that an evidentiary hearing is necessary.

Voytik has not made specific nonconclusory allegations that require an evidentiary hearing.

## II.

██ As the second basis for his section 2255 motion Voytik alleged violation of his sixth amendment right to effective assistance of counsel in preparation of a motion to reduce sentence under Rule 35. Voytik argued, essentially, that his counsel failed to honor his request to file a Rule 35 motion. Eventually, Voytik wrote a letter to the sentencing judge requesting reduction of his sentence. The judge informed Voytik that he could not reduce the sentence because more than 120 days had passed since it had been imposed. Voytik argues that his counsel's failure to file the motion within the deadline, or to notify Voytik of the deadline, constituted ineffective assistance of counsel. This, he claims, entitles him to relief under section 2255.

To maintain a claim for ineffective assistance of counsel Voytik must plead facts sufficient to show both that his counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by this deficient performance. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984). Under *Strickland,* to establish prejudice, the appellant must show that there is a reasonable probability that, but for counsel's professionally deficient performance, the result of the proceeding might have been different. *Strickland,* 104 S.Ct. at 2068. We need not decide whether Voytik's counsel's failure to file a Rule 35 motion fell below an objectively reasonable standard of performance since we affirm the district court's decision on the basis that Voytik failed to show actual prejudice resulting from his counsel's failure to file a rule 35 motion.

A Rule 35 motion for reduction of sentence is addressed to the sentencing

judge's discretion. The judge in this case, after careful analysis of the record, concluded that he would not have reduced Voytik's sentence even had there been a timely Rule 35 motion. Voytik argues that, with counsel, he would have been able to state an argument for modification of his sentence. He does not, however, state any additional facts or factors, beyond those in the record, which might have been presented. Accepting Judge Urbom's considered conclusion that he would not have reduced Voytik's sentence, Voytik's allegations fail to establish that he was prejudiced by his attorney's failure to file the motion. As there was no prejudice under *Strickland,* we need go no further.

## III.

██ For his third ground of section 2255 relief Voytik challenges the legality of his confinement under the YCA. His petition states that the prison officials failed to provide him sufficient rehabilitative treatment or counseling and that he was housed with adult offenders in violation of YCA guidelines.

A motion under section 2255 must raise a challenge to the validity of a conviction. *United States v. Hayman,* 342 U.S. 205, 215, 72 S.Ct. 263, 270, 96 L.Ed. 232 (1952). Voytik's allegations do not mount a challenge to the legality of the sentence. Rather, they assert that the conditions under which his sentence was executed were illegal because they did not afford him the protections mandated by YCA. Challenges to the legality of the execution of a sentence are not cognizable under section 2255. *United States v. Janis,* 599 F.2d 266, 267 (8th Cir.1979); *United States v. Monteer,* 556 F.2d 880, 880 (8th Cir.1977). The district court's summary dismissal of this claim was not erroneous.[4]

We affirm the district court's judgment denying Voytik's section 2255 motion.

---

**4.** In oral argument Voytik's counsel informed this court that Voytik had been released from prison. He then suggested that the court treat this third claim as a motion in writ of coram nobis. However, like section 2255 motions, cor-

am nobis is a mechanism through which to challenge the legality of a conviction. *See United States v. Morgan,* 346 U.S. 502, 507, 511, 74 S.Ct. 247, 250, 252, 98 L.Ed. 248 (1954). Therefore, the outcome remains the same in this case.