56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Douglas Lawrence SHEETS, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-3031
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 2, 1995
Filed: May 11, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Douglas Sheets appeals from the district court's[1] order denying his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 Following a 1988 jury trial at which he represented himself with standby counsel present, Sheets was convicted of conspiracy, possession of unregistered firearms, and interstate transportation of firearms by a fugitive from justice. He was sentenced to twenty years imprisonment. The government's theory was that Sheets and his codefendants, Jackson and Miller, were members of a white supremacist organization which advocated the killing of non-whites, homosexuals, Jews and judges, and which had procured illegal weapons and destructive devices to further its goals. Sheets argued that the trial court lacked personal jurisdiction because it was not a constitutional court and he was a "free white common-law citizen of a state of the Union." After his appointed counsel filed a notice of appeal, this court granted Sheets's pro se motion to dismiss his appeal. Sheets then filed this section 2255 motion, asserting he did not file a direct appeal because Miller had made death threats to him and his family, and because he was mentally incompetent.
 
 
 3
 Sheets argued that-as a result of a closed-head trauma he sustained in a 1986 car accident, coupled with Miller's death threats that exacerbated his "existing psychosis"-he had not been competent to stand trial; and that the trial court, the government and defense counsel should have discovered his condition. He also argued that his waiver of counsel at trial and sentencing was not knowing, intelligent or voluntary; the government committed misconduct during its opening statement and closing argument; and the trial court failed to comply with Federal Rule of Criminal Procedure 32 in overruling his objections to the presentence report. After obtaining trial counsel's affidavit regarding the competency issue, the district court denied Sheets's section 2255 motion without a hearing. This appeal followed.
 
 
 4
 We conclude the district court did not abuse its discretion in ruling without a hearing, because the record included all of the information necessary for the court to rule on the motion. See Rules Governing Section 2255 Proceedings 7, 8; Rogers v. United States, 1 F.3d 697, 699 (8th Cir. 1993) (per curiam) (standard for whether hearing is necessary); Widgery v. United States, 796 F.2d 223, 224 (8th Cir. 1986) (standard of review). Sheets's conclusory and nonspecific allegations that Miller threatened him did not entitle him to an evidentiary hearing. See Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985); cf. United States v. Peeler, 738 F.2d 246, 250 (8th Cir.) (28 U.S.C. Sec. 2255 evidentiary hearing barred unless allegations of events outside record and files raise "bona fide question or reasonable doubt" as to competence), cert. denied, 469 U.S. 936 (1984). We thus review the merits of the denial of the section 2255 motion de novo. See United States v. Duke, No. 93-3711, slip op. at 8 (8th Cir. Mar. 20, 1995).
 
 
 5
 Retrospective competency determinations are "strongly disfavored." Weisberg v. Minnesota, 29 F.3d 1271, 1278 (8th Cir. 1994), cert. denied, 115 S. Ct. 935 (1995). Absent some indication to the contrary, the trial court was permitted to presume Sheets was competent to stand trial. See Branscomb v. Norris, 47 F.3d 258, 261 (8th Cir. 1995). We conclude the trial court did not err in failing to order a competency hearing sua sponte because the evidence before it did not raise a sufficient doubt as to Sheets's competency to stand trial: the court had before it no prior medical opinion as to Sheets's competency, or evidence of irrational behavior; Sheets indicated that he understood the charges and the disadvantages of representing himself; his demeanor at trial was consistent with that of a competent person; and his behavior was consistent with his theory of the case. See id.; see also United States v. Long Crow, 37 F.3d 1319, 1326 (8th Cir. 1994) (trial court better able than appellate court to judge accused's demeanor), cert. denied, 115 S. Ct. 1167 (1995). Moreover, Sheets's attorney notified the court-by a form Sheets signed-that he would not be putting Sheets's competency in issue, and Sheets claimed-in support of his motion for a custody transfer-that he had no psychiatric disability. See United States v. Collins, 949 F.2d 921, 926 (7th Cir. 1991) (court may rely on statements of counsel and defendant that defendant was competent). While the record reveals that Sheets's behavior may have been peculiar, he has not shown that the objective facts would have caused a reasonable trial court to "have experienced doubt about [his] competency to stand trial." See Branscomb, 47 F.3d at 261. Nor has Sheets shown that the government possessed evidence suggesting he was incompetent to stand trial. Without such evidence, the government had no reason to move for a competency hearing pursuant to 18 U.S.C. Sec. 4241.
 
 
 6
 We also reject Sheets's contention that his counsel was ineffective in failing to adequately investigate Sheets's competency to stand trial. Cf. Campbell v. Lockhart, 789 F.2d 644, 646 (8th Cir. 1986) (failure to request competency hearing may amount to ineffective assistance if substantial doubt existed as to accused's competency to stand trial) (dictum). Sheets did not inform counsel of any history of mental problems, but only informed him about the accident, the hospitalization, and the resulting physical symptoms; and he directed counsel not to raise the issue with the trial court. See LaRette v. Delo, 44 F.3d 681, 685-86 (8th Cir. 1995) (failure-to-investigate claim must be considered in light of defendant's statements to counsel); Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991) (counsel not ineffective in failing to request mental examination where, inter alia, defendant did not reveal any history of mental problems and concurred in attorney's decision not to seek examination).
 
 
 7
 As the competency standards for waiving counsel and standing trial are equivalent, Godinez v. Moran, 113 S. Ct. 2680, 2686 (1993), Sheets's claims that his incompetency precluded an intelligent waiver of his right to counsel at trial and sentencing also fail. See Branscomb, 47 F.3d at 263. The trial court specifically warned Sheets about the dangers of representing himself, and he indicated he understood. Sheets's claim that his waiver was involuntary rests on his conclusory allegations of Miller's threats and is belied by his statements to the trial court.
 
 
 8
 Sheets's prosecutorial misconduct claim is meritless, see Pollard v. Delo, 28 F.3d 887, 890 (8th Cir.), cert. denied, 115 S. Ct. 518 (1994), as is his sentencing claim, see Fed. R. Crim. P. 32(c)(1); United States v. Petty, 798 F.2d 1157, 1162 (8th Cir. 1986), vacated on other grounds, 481 U.S. 1034 (1987). We need not consider Sheets's contention, raised for the first time on appeal, that the government should be held accountable for Miller's alleged threats. See Tramp v. United States, 978 F.2d 1055, 1056 (8th Cir. 1992) (per curiam). Sheets's motion for appointment of counsel on appeal is denied.
 
 
 9
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri