**UNITED STATES of America, Appellee,**

v.

**Vernon Charles SCHWARTZ, Appellant.**

**No. 81–1173.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 19, 1981.

Decided July 27, 1981.

Thomas K. Berg, U. S. Atty., Janice M. Symchych (argued), Asst. U. S. Atty., D. Minn., Minneapolis, Minn., Dwight Pringle, Legal Intern, for appellee.

Robert D. Goodell, Douglas W. Thomson, Douglas W. Thomson Law Firm, St. Paul, Minn., for appellant.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Vernon Charles Schwartz appeals from a conviction on one count of willfully converting property mortgaged to the Commodity Credit Corporation (CCC), in violation of 15 U.S.C. § 714m(c) (1976). We hold that Schwartz's contentions on appeal are without substantial merit and affirm his conviction.

## I. Background

Appellant Schwartz is a Minnesota farmer who received various farm-stored loans on his 1977 and 1978 corn crops. Under this program a farmer may borrow funds from the CCC, an agency of the United States Department of Agriculture, using his crops as collateral. Once the loan is approved, the farmer signs a security agreement which grants the agency a security interest in his crops.

In total, Schwartz received $45,674.02 in loans by pledging 21,797 bushels of corn. However, during the winter of 1978 and spring of 1979, Schwartz began selling the mortgaged corn on the open market. Schwartz had never received CCC authorization to sell such corn, nor did he make any attempt to apply the sale proceeds to his outstanding loan balance. When a routine inspection revealed a massive shortage of corn, the agency demanded payment in full from Schwartz, who then defaulted on his loans.

The government charged Schwartz with one count of willfully removing, disposing of or converting to his own use 14,876 bushels of corn mortgaged and pledged to the CCC, in violation of 15 U.S.C. § 714m(c) (1976). The jury returned a verdict of guilty and Schwartz was sentenced to a one year term of imprisonment.

## II. Analysis

### A. Sufficiency of the Evidence on Willfulness

Schwartz first contends that the government failed to present sufficient evidence on the element of willfulness to support his conviction. We disagree.

In determining whether the evidence is sufficient to support a jury verdict of guilty, we must view the proof in the light most favorable to the government to make certain there is sufficient evidence from which the jury might find the defendant guilty beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). In viewing the record, the proof favorable to the government tended to disclose the following facts. The government introduced evidence that Schwartz did in fact convert government corn; that he knew such corn was mortgaged; that he sold the corn without any authorization; and that he applied the proceeds for his own benefit. Thus, there was substantial evidence in the record to support the jury's finding of willfulness.

Schwartz further asserts that because he desired to replace the shortage of mortgaged corn with the following year's crop, the element of willfulness was absent. However, this argument must fail because the intent to replace the shortage is not a defense once the conversion is proved. *Elmore v. United States*, 267 F.2d 595, 601 (4th Cir.), *cert. denied*, 361 U.S. 832, 80 S.Ct. 82, 4 L.Ed.2d 74 (1959). The record discloses that Schwartz did not repay the loan from the next year's crop.

**142**

### B. Propriety of the Government's Closing Argument

 Schwartz also contends that the government's closing argument, which referred to the function of the grand jury and why it brought an indictment against the appellant, was improper and prejudiced his right to a fair trial. We disagree and hold that the government's closing argument was not prejudicial to Schwartz and thus he was not denied a fair trial.

The prosecutor's statement, in the rebuttal argument, that the grand jury had returned the indictment against Schwartz, was not outside the bounds of propriety because such statement was made in response to the defense attorney's remark that the agency itself was prosecuting the defendant solely because they disliked his attitude. The defense attorney objected to the prosecutor's remark and the court sustained the objection. The court also gave a cautionary instruction to the jury on the role of the grand jury in criminal proceedings.

It is well settled that prejudicial error does not result from the improper remarks made during closing argument when such remarks were provoked by the opposing counsel. *Isaacs v. United States*, 301 F.2d 706, 738 (8th Cir.), *cert. denied*, 371 U.S. 818, 83 S.Ct. 32, 9 L.Ed.2d 58 (1962). When the defense counsel chose to open the door on the issue of who was actually prosecuting Schwartz, the counteracting statement made by the prosecutor fell within the doctrine of fair reply. *United States v. Daniels*, 617 F.2d 146, 150 (5th Cir. 1980). An advocate is permitted considerable latitude in responding to his opponent's arguments, thus the government's reply was not improper. *See United States v. Olsen*, 487 F.2d 77, 83 (8th Cir. 1973), *cert. denied*, 415 U.S. 993, 94 S.Ct. 1594, 39 L.Ed.2d 890 (1974).

Furthermore, in this case, the defense attorney's objection was sustained and an immediate curative instruction was given by the trial judge. Thus, even if counsel's conduct could be deemed error, it was corrected by the court and its prejudicial effect was thereby removed. *United States v. King*, 616 F.2d 1034, 1041 (8th Cir.), *cert. denied*, 446 U.S. 969, 100 S.Ct. 2950, 64 L.Ed.2d 829 (1980).

We conclude that both of appellant's contentions on appeal lack substantial merit and, therefore, affirm his conviction.