

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2009

# USA v. Derek Schade

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2388

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Derek Schade" (2009). *2009 Decisions*. Paper 1645.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1645

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2388
_____

UNITED STATES OF AMERICA

v.

DEREK J. SCHADE,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 07-cr-00555-1)
District Judge: Honorable Michael M. Baylson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 9, 2009

Before: FUENTES, CHAGARES, and ALDISERT, Circuit Judges.

(Opinion Filed: March 30, 2009)

―――――――――――

OPINION OF THE COURT

―――――――――――

FUENTES, Circuit Judge:

Appellant Derek J. Schade challenges the sufficiency of the evidence supporting

his conviction for transporting a visual depiction of a minor engaging in sexually explicit

-1-

conduct in violation of 18 U.S.C. § 2252(a)(1). Schade also seeks review of the sentence of 168 months' imprisonment for that offense and a related charge of knowingly possessing a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). For the reasons stated below, we will affirm both the conviction and sentence.

## I.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231, and we have jurisdiction to hear the appeal under 28 U.S.C. § 1291. In determining whether sufficient evidence supports the jury verdict, "[w]e review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." United States v. Wolfe, 245 F.3d 257, 261 (3d Cir. 2001). We review the procedural correctness and substantive reasonableness of Schade's sentence for abuse of discretion. United States v. Wise, 515 F.3d 207, 217-18 (3d Cir. 2008).

We review both the sufficiency of the evidence underlying Schade's conviction and the procedural challenge to his sentence for plain error, as neither issue was raised before the District Court. See United States v. Kemp, 500 F.3d 257, 278 (3d Cir. 2007). "Plain error requires: (1) an error; (2) that is plain; and (3) that affected substantial rights." Id. (internal quotations marks and citation omitted).

## II.

The visual depictions at issue here are video and picture files found on a computer owned by Schade. Schade had connected his computer to "Bearshare," a peer-to-peer file-sharing network through which users may search and download files from the computers of other network users. Different parts of a downloaded file may be contributed by different users' computers if more than one computer contains a copy of the file sought.

Schade's home and computer were searched after an undercover police officer downloaded a child pornography video file through the Bearshare network in part from Schade's computer. That search uncovered numerous child pornography files on the computer, both movies and still images, some of which were contained in a folder titled "My Downloads." The prosecution presented evidence at trial that, in installing the Bearshare software, Schade had been shown a screen notifying him that he would be sharing files located in that folder and had left that setting in place, while changing the default setting regarding the sharing of partial files.

Schade was indicted on two counts: (1) knowingly transporting, and aiding and abetting the transportation of, a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1); and (2) possessing a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). A jury found him guilty of both charges. Schade did not challenge the sufficiency of the evidence presented either during the trial or after the verdict.

The District Court subsequently sentenced Schade to 168 months' imprisonment, at

the bottom of his Guidelines range of 168 to 210 months. In imposing that sentence, the District Court noted that the applicable range was the product of a Congressional amendment that directed the Sentencing Commission to add an enhancement to the Sentencing Guidelines based on the quantity of images involved in a child pornography offense. The District Court mentioned that legislative history in stating that

> although the Guidelines are not mandatory [under United States v. Booker, 543 U.S. 220 (2005)], I believe that Congress' resolutions and policy statements are an extra factor that a Judge . . . must take into account in imposing sentence, and that I—it would be wrong for me, in this case, in a case charging child pornography, to consider myself to have as much discretion as in a case, in which Congress has not spoken the way it has in child pornography cases.

(App. 592.) The District Court further cited the harm to children resulting from Schade's offenses, the harm to his family, the need to make clear the "evil" of Schade's conduct, and the need to take him "out of public" for purposes of punishment and rehabilitative treatment as reasons justifying the 168 month sentence. (App. 592-94.)

**III.**

**A.**

Schade first argues that there was insufficient evidence to support his conviction on the charge of transporting or aiding and abetting the transportation of child pornography. He points out that there is no way of knowing which portion of the downloaded file was contributed by his computer, and thus whether that portion actually depicted a minor engaged in sexual conduct. This argument is unavailing; at the very least Schade is liable as an aider and abettor. His computer contributed some part of a video that showed a

-4-

minor engaging in sexual activity. It would be eminently reasonable for the jury to have concluded that Schade aided and abetted the transportation of a visual depiction of a minor engaged in sexual activity by making the child pornography file available in the "My Downloads" folder for any part of it to be downloaded, resulting in the utilization of that file by another user of Bearshare seeking to download the complete video. See United States v. Frorup, 963 F.2d 41, 43 (3d Cir. 1992) ("In order to establish the offense of aiding and abetting, the Government must prove two elements: that the substantive crime has been committed and that the defendant knew of the crime and attempted to facilitate it."); cf. United States v. Shaffer, 472 F.3d 1219, 1223-24 (10th Cir. 2007) (sharing child pornography on peer-to-peer file-sharing network constitutes "distribution" of child pornography, where to "distribute" means to transfer to others); United States v. Carani, 492 F.3d 867, 875-76 (7th Cir. 2007) (similar); United States v. Griffin, 482 F.3d 1008, 1012 (8th Cir. 2007) (similar).

Additionally, Schade suggests that there was insufficient evidence to show that he knew the child pornography files on his computer could be downloaded by other Bearshare users. However, there was evidence at trial showing that Schade was notified while downloading the software for Bearshare that it would allow others to upload files from his computer, and he even changed the default settings for file-sharing. Furthermore, Schade testified that he himself used Bearshare for file-sharing. Especially since we judge the sufficiency of the evidence supporting a jury's verdict under "a particularly deferential

-5-

standard of review," <u>United States v. Dent</u>, 149 F.3d 180 (3d Cir. 1998), we cannot conclude that the jury was unreasonable in determining from this evidence that Schade intentionally kept child pornography files in the "My Downloads" folder and knew that doing so would allow Bearshare users to access and upload them. <u>Cf.</u> <u>Shaffer</u>, 472 F.3d at 1223 (finding that defendant had distributed child pornography where he kept files in a location on his computer where they would be shared over a file-sharing network). Even if Schade did not know that a particular video had been downloaded by the government agent, he knew that child pornography files were available for download from his computer at any time. As the Tenth Circuit has described this sort of arrangement:

> It is something akin to the owner of a self-serve gas station. The owner may not be present at the station, and there may be no attendant present at all. And neither the owner nor his or her agents may ever pump gas. But the owner has a roadside sign letting all passersby know that, if they choose, they can stop and fill their cars for themselves, paying at the pump by credit card. Just because the operation is self-serve . . . we do not doubt for a moment that the gas station owner is in the business of "distributing," delivering," "transferring" or "dispersing" gasoline; the *raison d'etre* of owning a gas station is to do just that. So, too, a reasonable jury could find that [the defendant] welcomed people to his computer and was quite happy to let them take child pornography from it.

<u>Id.</u> at 1223-24.

Finally, Schade contends that the government presented no evidence showing that he transported child pornography in interstate commerce. He acknowledges that we have previously held that this element of 18 U.S.C. § 2252 may be satisfied by a showing that the image traveled over the internet, <u>see</u> <u>United States v. MacEwan</u>, 445 F.3d 237, 243-44 (3d Cir. 2006), but nevertheless calls on us to follow a Tenth Circuit case holding that § 2252

-6-

requires an affirmative showing that an image was transmitted across state lines. We are bound by the precedential decisions of our Court and thus we will follow the holding of MacEwan. See In re Continental Airlines, 134 F.3d 536, 542 (3d Cir. 1998).

**B.**

Schade also challenges his sentence of 168 months' imprisonment, asserting that the District Court expressed an erroneous belief that it was not fully free to sentence outside the applicable Sentencing Guidelines range in a child pornography case. See Spears v. United States, 129 S. Ct. 840, 842-43 (2009) (holding that a sentencing court is not bound by the Guidelines, and may deviate from a recommended range based even on a pure policy disagreement); Gall v. United States, 128 S. Ct. 586, 597 (2007) (categorizing "treating the Guidelines as mandatory" as a "significant procedural error").

Schade is correct that the District Court did state that its discretion was somewhat constrained because Congress had explicitly directed the Sentencing Commission to impose enhancements for possession of certain quantities of child pornography in a 2003 statute. However, it is not clear that the District Court either treated the Guidelines as mandatory or even disagreed with the recommended sentencing range yet felt bound by the Guidelines. The District Court cited a number of reasons why Schade's offenses should be treated as serious, evincing a judgment that Schade's circumstances would be reflected by a Guidelines sentence. The District Court also characterized Congress's instructions as simply something to "take . . . into account" in reaching an individualized sentence, not an

absolute constraint, and recognized that it did have some amount of discretion. (App. 592.) At no point did the District Court indicate any feeling that a sentence outside the Guidelines was appropriate or that the applicable Guidelines range reflected an invalid policy, instead independently noting the considerable harm caused by Schade's crimes. Cf. United States v. Pennavaria, 445 F.3d 720, 722-23 (3d Cir. 2006) (finding plain error where district court treated Guidelines as mandatory, as evidenced by statement that "I will say that if the guidelines were not applicable at all, that I would sentence here to at least double what I have imposed"). Although we reiterate the Supreme Court's direction that a district court should not treat the Guidelines as mandatory, it is not clear that the District Court in this case did so simply because it took into account Congress's pronouncements on the seriousness of child pornography offenses. See United States v. Gunter, 462 F.3d 237, 249 (3d Cir. 2006) (holding that it is error for a sentencing court to believe "that it has no discretion" to treat the Guidelines as advisory) (emphasis added). Thus we cannot find plain error in the sentencing proceedings.

Schade's sentence is also substantively reasonable. Contrary to his assertion, the District Court did not rely excessively on the recommendation of Congress in imposing a 168 month sentence. Although that was one relevant factor, the District Court thoroughly discussed several other reasons for its sentence within the scope of 18 U.S.C. § 3553(a), including the harm done by Schade and the need for rehabilitation and punishment. That is sufficient to render this an adequately individualized determination in which the District

-8-

Court gave meaningful consideration to the facts of Schade's case. See United States v.

Levinson, 543 F.3d 190, 196 (3d Cir. 2008).

**IV.**

For the foregoing reasons, we affirm the judgment of the District Court.