# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2611

_____

United States of America,

        Appellee,

v.

Matthew Joseph Collins,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Southern
\*   District of Iowa.
\*
\*
\*

_____

Submitted: February 18, 2011
Filed: June 22, 2011

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

      A jury convicted Matthew Joseph Collins of one count of attempted distribution, and one count of receipt, of child pornography in violation of 18 U.S.C. § 2252(a)(2). He was also convicted of simple possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(b). His conviction for possession was vacated by the district court[1] as included in the receipt offense. He was sentenced to 235 months. He appeals arguing that there was insufficient evidence for the attempted distribution conviction. He also contends that the district court abused its discretion in allowing

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

the government to make an improper closing argument. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

A law enforcement investigation of peer-to-peer file-sharing of child pornography led to the seizure from Collins's residence of a Hewlett-Packard (HP) computer, a Dell computer, and an external hard-drive device. The computers were owned by Collins but not password-protected. The two computers had child pornography filed under his screen name on a Limewire file-sharing program. The hard drive also contained child pornography. A friend of Collins had given both computers to him, but the child pornography was obtained later. The child pornography was filed under Collins's screen name on the HP. The relevant internet account was in his name, Collins used coded search terms to retrieve some of the pornography from websites, and he deleted child-pornography files from the computers.

One child pornography victim testified that when she was 15 years old, Collins took pornographic pictures of her with his cell phone. After taking the pictures, he had sex with her. These photos were found on Collins's HP and the external hard drive.

According to the defense, this victim did not implicate Collins when first interviewed, and was trying to protect her boyfriend (who also had access to the computers). Collins emphasized he simply downloaded files in his shared folder and there was no direct evidence he owned the external hard drive. Collins's closing argument portrayed him as an unwitting victim of the crimes of others. He argued that the friend (or someone else) downloaded the child pornography.

In rebuttal argument, the prosecutor stressed the impact of child pornography on its victims, referred to Collins as a "sexual predator," showed pictures of more

child pornography (calling the girl in the picture the "true victim"), and remarked that defense counsel had almost caused the victim to cry on the witness stand. Collins objected twice during closing argument.

II.

The sufficiency of the evidence is reviewed de novo. *United States v. Moran*, 612 F.3d 684, 690 (8th Cir. 2010). All reasonable inferences are accepted that support the jury verdict. *Id.* The verdict will be upheld if any interpretation of the evidence could lead a jury to find guilt beyond a reasonable doubt. *Id.*

Collins argues that the proof at trial was insufficient because an attempt to "knowingly distribute" must be proved beyond a reasonable doubt. He recognizes that in reviewing sentences, this court has upheld, except in one case, distribution enhancements in a file-sharing context. *See United States v. Durham*, 618 F.3d 921, 931-32 (8th Cir. 2010) (defendant did not install Limewire and knew little about its operation); *id.* at 937 (Gruender, J., listing cases upholding distribution enhancement). Collins believes that this court has analyzed the use of Limewire only when examining sentencing enhancements. In this case, the burden of proof that he attempted to "knowingly distribute" child pornography is reasonable doubt, not preponderance of the evidence as applies to a sentencing factor. *See United States v. O'Brien,* 130 S. Ct. 2169, 2174-80 (2010).

The Tenth Circuit has upheld a distribution conviction based on use of a file-sharing program. *United States v. Shaffer*, 472 F.3d 1219, 1223-25 (10th Cir. 2007); *cf. United States v. Schade*, 318 Fed. Appx. 91, 94-95 (3rd Cir. 2009) (unpublished) (upholding conviction for aiding internet transportation of child pornography based on use of a file-sharing program). Collins tries to distinguish this authority, claiming the evidence there showed clear intent to make the files available to other users. Collins does admit that there is "some" evidence here of his knowing distribution. He acknowledges that using a file-sharing program is some evidence of knowing

distribution. He also realizes that the jury could properly infer that he downloaded and installed the Limewire program on two computers. Collins admits that there was evidence he is knowledgeable about computers because some child-pornographic pictures were taken with his cell phone, then stored on the HP and hard drive.

Based on the reasonable inferences and interpretation of the evidence presented to the jury, its verdict that Collins attempted to "knowingly distribute" child pornography is supported by the evidence.

III.

The district court's broad discretion to control closing argument is reviewed for abuse of discretion. *United States v. Miller*, 621 F.3d 723, 729 (8th Cir. 2010). To be successful, Collins must show that the remarks were improper and that his right to a fair trial was prejudiced. *United States v. Two Elk*, 536 F.3d 890, 906 (8th Cir. 2008). If no objection is made to the argument, it is reviewed for plain error. *United States v. New*, 491 F.3d 369, 378 (8th Cir. 2007). In order to prevail, Collins must show an obvious error that seriously prejudiced his substantial rights. *Id.* The court should not exercise its plain error discretion unless the error had a substantial impact on "the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993).

Collins argues that the prosecutor's rebuttal (1) unfairly demonized defense counsel; (2) improperly evoked sympathy for the victim who testified; (3) referred to Collins as a sexual predator; (4) inappropriately displayed images of child pornography; and (5) improperly asserted that Collins and people like him sustain the child pornography market.

Collins complains that the prosecutor demonized counsel when he reminded the jury that defense's cross-examination almost caused the victim to cry. The government responds that Collins did not object, and this part of the closing merely

-4-

described what actually occurred and did not attack counsel. Unobjected-to closing statements are grounds for reversal only in exceptional circumstances. *See Miller*, 621 F.3d at 733. The prosecutor's description of counsel's cross-examination is not an exceptional circumstance that warrants reversal.

Collins asserts that the prosecutor's discussion of the victim's disadvantaged background steered the jury to base its verdict on emotion or sympathy. In his closing, Collins argued that the victim gave inconsistent testimony. In rebuttal, the prosecutor explained why there were inconsistencies in her testimony, including her disadvantaged background. The prosecutor is entitled to rebut defense attacks on witness credibility. *See United States v. Beaman*, 361 F.3d 1061, 1066 (8th Cir. 2004). These elements of the rebuttal were not "exceptional circumstances" sufficient to mandate reversal under plain error review. *See United States v. Nabors,* 761 F.2d 465, 470 (8th Cir. 1985).

The district court sustained Collins's objection to being called a "sexual predator." Collins sought no further remedies from the court, but in a footnote to his brief on appeal, criticizes the district court for not striking the reference, or admonishing the jury to disregard it. There was no error, much less plain error, in the court's failure to act further after sustaining the objection. *See United States v. Bernal-Benitez*, 594 F.3d 1303, 1316 (11th Cir. 2010).

During rebuttal, the prosecutor displayed pornographic pictures of unidentified girls from Collins's HP and Dell computers. Collins did not contemporaneously object to showing these pictures, and must, therefore, be arguing that the district court should have sua sponte intervened. Showing previously admitted evidence is not an exceptional circumstance that warrants reversal under plain error review. *See id.*

While showing the pictures, the prosecutor described the girl as the "true victim." Collins did not object. He asserts that this was an improper emotional appeal to the jury. The government replies that it was responding to Collins's attempt to portray himself as

a "victim" of a conspiracy. A prosecutor can "reply to an argument raised by the defense." ***Wycoff v. Nix***, 869 F.2d 1111, 1114 (8th Cir. 1989). It was not plain error for the prosecutor to respond to Collin's "victim" argument with a "true victim" rebuttal.

Collins alleges that the prosecutor's statement that he helped sustain the child pornography market also improperly appealed to the jury's emotion. The defense had tried to portray Collins as the victim. "An advocate is permitted considerable latitude in responding to his opponent's arguments." ***United States v. Beaman***, 361 F.3d at 1065 *quoting* ***United States v. Schwartz***, 655 F.2d 140, 142 (8th Cir. 1981). The prosecutor's argument was based on a reasonable inference from the evidence and is not an exceptional circumstance justifying reversal. ***United States v. Jumping Eagle***, 515 F.3d 794, 805 (8th Cir. 2008).

Collins finally argues that the cumulative effect of the rebuttal argument warrants a new trial. First, Collins has shown no error in the rebuttal argument. Second, Instruction No. 3 advised the jury: "Statements, arguments, questions, and comments by lawyer representing the parties in the case are not evidence." This reduces any risk of prejudicial impact. *See* *id.* at 806; ***Two Elk***, 536 F.3d at 907 (jury instruction that "arguments" by lawyers are not evidence helped cure any prejudice of prosecutor's use of Humpty-Dumpty nursery rhyme line that you couldn't put the child victim of sexual assault back together again). In sum, the cumulative effect of any misconduct, in light of the jury instructions and the entire evidence at trial, did not prejudice Collins. *See* ***United States v. Samples***, 456 F.3d 875, 886-87 (8th Cir. 2006); ***United States v. McClellon***, 578 F.3d 846, 859 (8th Cir. 2009) *quoting* ***United States v. Tulk***, 171 F.3d 596, 599 (8th Cir. 1999).

\* \* \* \* \* \* \* \*

The judgment is affirmed.

_____