## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1511007511 |
| | ) | |
| STEPHEN ELLIS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 17, 2016
Decided: October 18, 2016

## ORDER

### *Upon Defendant's Motion for Postconviction Relief*
### DENIED

Upon consideration of the Motion for Postconviction Relief filed by

Defendant Stephen Ellis ("Defendant"); Rule 61 of the Superior Court Rules of

Criminal Procedure; the facts, arguments and legal authorities set forth in

Defendant's motion; statutory and decisional law; and the entire record in this case,

the Court finds as follows:

## PROCEDURAL BACKGROUND

1.      On May 16, 2015, Defendant was arrested with two other individuals

after he was discovered in constructive possession of a loaded handgun.[1]   At the

---

[1] The arresting officers were dispatched to the area of Defendant's arrest after receiving a report of a man in possession of a firearm.  One of the arresting officers stated that he heard an object hit the ground upon approaching Defendant and the two other individuals.  The officers subsequently stopped the three men and discovered a handgun on the sidewalk in their immediate proximity.  No other objects were observed or discovered in the vicinity of the handgun.

time of his arrest, Defendant was on probation for a previous conviction of Robbery Second Degree.[2] The terms of Defendant's probation prohibited him from possessing a firearm at the time of his arrest.

2. The Wilmington Police Department conducted a follow-up investigation after Defendant's arrest. The investigation revealed that the handgun discovered in the incident was stolen, and contained Defendant's fingerprint on its side. Thereafter, on November 13, 2015, Defendant was charged with Possession of a Firearm by a Person Prohibited ("PFBPP");[3] Carrying a Concealed Deadly Weapon;[4] and Receiving a Stolen Firearm.[5]

3. Defendant was appointed counsel ("Defense Counsel") to represent him in connection with his charges. Defense Counsel represented Defendant during Defendant's case reviews and plea negotiations.

4. On April 26, 2016, Defendant appeared before the Court and pleaded guilty to PFBPP.[6] In exchange for his guilty plea, the State agreed to dismiss the remaining charges against Defendant. By Order dated April 26, 2016, Defendant was sentenced for PFBPP, consistent with Defendant's plea agreement, to 10 years

---

[2] 11 *Del. C.* § 831.
[3] 11 *Del. C.* § 1448.
[4] 11 *Del. C.* § 1442.
[5] 11 *Del. C.* § 1450.
[6] Defendant initially rejected the State's plea offer during Defendant's final case review on April 11, 2016. Defendant entered the guilty plea on the day his case was scheduled for trial.

at Level V, suspended after the minimum mandatory of 5 years at Level V, for 6 months at Level IV/DOC discretion, thereafter at Level III for 18 months.

5. On May 11, 2016, Defendant filed a Motion for Reduction/Modification of Sentence as a self-represented litigant. By Order dated July 14, 2016, the Court denied Defendant's Motion for Reduction/Modification of Sentence.

6. On August 17, 2016, Defendant filed a Motion for Postconviction Relief ("PCR Motion") as a self-represented litigant. This is the Court's decision on Defendant's PCR Motion.

## CONSIDERATION OF PROCEDURAL BARS

1. Defendant's PCR Motion is governed by Rule 61 of the Superior Court Rules of Criminal Procedure ("Rule 61"). Postconviction relief under Rule 61 is a "collateral remedy which provides an avenue for upsetting judgments that have otherwise become final."[7] To protect the finality of criminal convictions, the Court must consider the procedural requirements for relief set out under Rule 61(i) before addressing the merits of the motion.[8]

2. Rule 61(i)(1) bars a motion for postconviction relief if the motion is filed more than one year from the final judgment of conviction.[9] This bar is not

---

[7] *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990).
[8] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[9] Super. Ct. Crim. R. 61(i)(1).

applicable as Defendant's PCR Motion is timely. Rule 61(i)(2) bars successive motions for postconviction relief.[10] This bar is not applicable as this is Defendant's first postconviction motion. Rule 61(i)(3) bars relief if the postconviction motion includes claims that were not asserted in prior proceedings leading to the final judgment, unless the movant shows cause for relief from the procedural bars and prejudice from a violation of the movant's rights.[11] Moreover, Rule 61(i)(4) bars relief if the postconviction motion includes grounds for relief formerly adjudicated in any proceeding leading to the judgment of conviction, in an appeal, or in a postconviction proceeding.[12] Rules 61(i)(3) and 61(i)(4) are not applicable because Defendant's claims for ineffective assistance of counsel could not have been raised on direct appeal.[13]

3.      The procedural requirements of Rule 61(i) are satisfied. Accordingly, the Court will address Defendant's PCR Motion on the merits.

**LEGAL STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL**

1.      Defendant alleges that Defense Counsel provided ineffective assistance of counsel in connection with Defendant's guilty plea.

---

[10] Super. Ct. Crim. R. 61(i)(2).
[11] Super. Ct. Crim. R. 61(i)(3).
[12] Super. Ct. Crim. R. 61(i)(4).
[13] *See Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").

4

2.     The standard used to evaluate claims of ineffective assistance counsel is the two-prong test articulated by the United States Supreme Court in *Strickland v. Washington*,[14] as adopted in Delaware.[15] *Strickland* requires the movant to demonstrate that (1) trial counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for trial counsel's unprofessional errors, the result of the proceeding would have been different.[16] Failure to prove either prong will render the claim insufficient.[17] Moreover, the Court shall dismiss entirely conclusory allegations of ineffective assistance.[18] The movant must provide concrete allegations of prejudice, including specifying the nature of the prejudice and the adverse effects actually suffered.[19]

3.     With respect to the first prong—the performance prong—the movant must overcome the strong presumption that counsel's conduct was professionally reasonable.[20] To satisfy the performance prong, Defendant must assert specific allegations to establish that Defense Counsel acted unreasonably as viewed against

---

[14] 466 U.S. 668 (1984).
[15] *See Albury v. State*, 551 A.2d 53 (Del. 1988).
[16] *Strickland*, 466 U.S. at 687.
[17] *Id.* at 688; *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996).
[18] *Younger*, 580 A.2d at 555; *Jordan v. State*, 1994 WL 466142, at *1 (Del. Aug. 25, 1994).
[19] *Strickland*, 466 U.S. at 692; *Dawson*, 673 A.2d at 1196. *See also Cooper v. State*, 2008 WL 2410404, at *1 (citing *Younger*, 580 A.2d at 556) ("The defendant must make concrete allegations of actual prejudice, and substantiate them, or risk summary dismissal.").
[20] *Strickland*, 466 U.S. at 687–88.

"prevailing professional norms."[21]  With respect to the second prong—the prejudice prong—a reasonable probability of prejudice exists where there is "a probability sufficient to undermine confidence in the outcome."[22]

## DISCUSSION

1.    Defendant contends that Defense Counsel provided ineffective assistance by failing to explain to Defendant that the evidence offered by the State was susceptible to a challenge by way of expert testimony on Defendant's behalf. Defendant argues that "the partial print on the Firearm could have been scrutinized by an expert working [on] my behalf to disprove that [the fingerprints] were mine."[23]  Defendant alleges that Defense Counsel coerced Defendant into accepting a guilty plea by failing to inform Defendant of alternative strategies and failing to pursue viable evidentiary challenges on Defendant's behalf.  Defendant argues that Defense Counsel failed to provide adequate information by which Defendant could have made an intelligent decision to reject the plea and take the case to trial.

2.    The Court finds that the allegations of ineffectiveness raised in Defendant's PCR Motion lack substantiated factual support on the record and are

---

[21] *Id.* at 688; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996) ("Mere allegations of ineffectiveness will not suffice.").
[22] *Ploof v. State*, 75 A.3d 811, 821 (Del. 2013) (quoting *Strickland*, 466 U.S. at 693–94).
[23] Defendant's PCR Motion at 3.

6

insufficient to refute the representations that Defendant made during Defendant's April 26, 2016 sentencing.

3.      Pursuant to Rule 11(c)(1) of the Superior Court Rules of Criminal Procedure, the Court addressed Defendant personally in open court during Defendant's April 26, 2016 sentencing. The Court determined that Defendant understood the nature of the charge to which the plea was offered, including the mandatory minimum and maximum penalties provided by law. Defendant confirmed that his plea was voluntary, and not the result of force, threats, or promises apart from the plea agreement.[24] Defendant acknowledged to the Court that he discussed his case fully with Defense Counsel, and was satisfied with Defense Counsel's representation.[25]

4.      A defendant's statements to the Court during a plea colloquy are presumed to be truthful,[26] and pose a "formidable barrier in any subsequent collateral proceedings."[27] Furthermore, a knowing and voluntary guilty plea waives any objection to alleged errors and defects that occur before entry of the plea,[28] even those of a constitutional dimension.[29] It is well-settled that in the

---

[24] *See Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[25] *See id.* at 632.

[26] *Id.* (citing *Bramlett v. A.L. Lockhart*, 876 F.2d 644, 648 (8th Cir. 1989); *Davis v. State*, 1992 WL 401566 (Del. Dec. 7, 1992)).

[27] *Somerville*, 703 A.2d at 632 (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (internal citations omitted)).

[28] *Muldrow v. State*, 2016 WL 4446610, at *2 (Del. Aug. 23, 2016); *Hobbs v. State*, 2016 WL 3751838, at *2 (Del. July 5, 2016); *Foote v. State*, 2012 WL 562791, at *1 (Del. Feb. 21, 2012);

7

absence of clear and convincing evidence to the contrary, a defendant is bound by the statements made during the plea colloquy and by his representations on the Truth-in-Sentencing Guilty Plea Form.[30]

5.    The record in this case does not contain clear and convincing evidence that Defendant's guilty plea was involuntary, or that Defendant was coerced into pleading guilty solely due to alleged errors by Defense Counsel.[31]  Moreover, there is no evidence that Defense Counsel's alleged errors in connection with Defendant's plea would have altered the outcome of Defendant's case, or that Defendant would have received a lesser sentence if his case proceeded to trial.  The record does not suggest that Defense Counsel misrepresented the existence of potentially viable evidentiary challenges.  Finally, in light of Defendant's pending charges and criminal history, Defendant received a benefit from accepting the State's plea agreement.[32]

---

*Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003); *Downer v. State*, 543 A.2d 309, 312 (Del. 1988).

[29] *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015); *Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015); *Wilson v. State*, 2010 WL 572114 (Del. Feb. 18, 2010); *Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004) (citing *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973)).

[30] *Colburn v. State*, 2016 WL 5845778, at *2 (Del. Oct. 5, 2016) (citing *Somerville*, 703 A.2d at 632); *Harmon v. State*, 2016 WL 4710006, at *3 (Del. Sept. 8, 2016); *Grayson v. State*, 2016 WL 2935027, at *3 (Del. May 16, 2016); *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016).

[31] *See Foote*, 2012 WL 562791, at *1.

[32] As previously discussed, Defendant was charged with two felony offenses in addition to the felony to which Defendant pleaded guilty. Upon pleading guilty to PFBPP, the State agreed to discharge Defendant's two remaining felony charges.  Pursuant to Defendant's plea agreement, Defendant received the minimum mandatory amount of Level V time for PFBPP. *See* 11 *Del. C.*

**CONCLUSION**

*Strickland* requires Defendant's PCR Motion to raise concrete and substantiated allegations that Defendant's decision to plead guilty was induced by Defense Counsel's deviation from prevailing professional norms.[33] No such allegations are raised here. The assertions regarding Defense Counsel's ineffective representation are conclusory, and are refuted by Defendant's guilty plea colloquy.[34] The PCR Motion lacks the requisite factual support on the record to overcome the "formidable barrier" of the statements that Defendant made during his April 26, 2016 sentencing.[35] Accordingly, Defendant is bound by the statements made during the plea colloquy,[36] and the PCR Motion does not present adequate grounds for relief.

**NOW, THEREFORE, this 18th day of October, 2016, Defendant's Motion for Postconviction Relief is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

§ 1448(e)(1)(b). Carrying a Concealed Deadly Weapon (Firearm) is a Class D Felony with a penalty of up to eight years' incarceration. 11 *Del. C.* § 1442. Receiving a Stolen Firearm is a Class F Felony with a penalty of up to three years' incarceration. 11 *Del. C.* § 1450. Accordingly, had Defendant been convicted of all three felony charges at trial, Defendant would have been subject to up to eleven additional years of incarceration.

[33] *See Strickland*, 466 U.S. at 687–88.

[34] *See Dorsey v. State*, 2007 WL 4965637, at *1–2 (Del. Nov. 6, 2007).

[35] *Somerville*, 703 A.2d at 632.

[36] *Id.*