# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,           )
                             )
            Plaintiff,       )
                             )
      v.                     )      Cr. ID. No. 1803002540
                             )
                             )
                             )
KEVIN H. BOONE,              )
                             )
            Defendant.       )

Submitted: June 11, 2020
Decided: July 14, 2020

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S AMENDED MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Periann Doko, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Kevin Boone, Howard R. Young Correctional Institute, Wilmington, Delaware, *pro se*.

**MAYER,** Commissioner

1

This 14th day of July, 2020, upon consideration of Defendant's Amended Motion for Postconviction Relief (the "Amended Motion"), I hereby recommend as follows:

## BACKGROUND

In November of 2017, Delaware State Police began an investigation of alleged sex crimes that led them to Kevin Boone ("Defendant"), a probationer and registered sex offender. Soon thereafter, during an interview with investigators, Defendant admitted to engaging in sexual acts with the minor in both Delaware and Pennsylvania. On March 28, 2018, an arrest warrant issued charging Defendant with three counts of Rape in the Third Degree and one count of Sex Offender Unlawful Sexual Conduct Against a Child. Three months later, on June 12, 2018, Defendant was arrested on the new charges. On December 3, 2018, Defendant plead guilty to two counts of Rape Third Degree and sentencing was scheduled to take place after a pre-sentence investigation report was completed.

## PROCEDURAL BACKGROUND OF MOTIONS

Prior to sentencing, Defendant filed a Motion for Postconviction Relief.[1] The Court found that the motion was premature and denied the relief sought in the motion.[2] On March 22, 2019, Defendant was sentenced to an aggregate of 40 years

---

[1] D.I. # 17.

[2] D.I. # 20.

at Level V, suspended after 6 years at Level V, for probation. A few days later, he again filed a Motion for Postconviction Relief.[3] The Court dismissed the motion and held that a future timely motion would be considered his first.[4] On April 15, 2019, Defendant filed an appeal with the Delaware Supreme Court. While that appeal was in its infancy, Defendant filed another Motion for Postconviction Relief.[5]

In the meantime, Defendant pursued an appeal of his conviction in a separate case filed with the Supreme Court[6] and filed another Motion for Postconviction Relief.[7] This Court issued an Order Staying Motion for Postconviction Relief pending a decision on Defendant's appeal. On October 28, 2019, the Supreme Court issued a decision affirming Defendant's conviction. The stay was lifted and Defendant filed an Amended Motion for Postconviction Relief (the "Amended Motion"),[8] Trial Counsel submitted an Affidavit in Response,[9] the State filed a

---

[3] D.I. # 23.

[4] D.I. # 26. On June 20, 2019, this Court vacated its April 2, 2019 order denying Defendant's Motion for postconviction relief. D.I. # 39. *See also Boone v. State*, 2019 WL 2524188 (Del. June 18, 2019) (reversing and remanding denial of motion for postconviction relief).

[5] D.I. # 29.

[6] *See* Supreme Court Case No. 251, 2019.

[7] D.I. # 41.

[8] D.I. # 51.

[9] D.I. # 57.

Response[10] and Defendant filed a Reply.[11] Briefing is now complete and the matter is ripe for decision.

The Amended Motion presents the following ineffective assistance of counsel arguments: (1) Defendant was arrested outside the jurisdiction of the offense and counsel did not object to this illegal arrest; (2) Trial Counsel should have moved to dismiss the indictment as untimely; (3) Defendant had a verifiable alibi for the date of offense listed in the Indictment, the prosecution suppressed this information and counsel should have objected; (4) Trial Counsel should have objected to the unreasonable delay between the time of his arrest and presentment before a Magistrate; (5) Trial Counsel failed to object to the unreasonable delay before Defendant's arrest; and (6) Trial Counsel should have moved to suppress the search of Defendant's residence.

## DISCUSSION

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[12] Defendant filed his Amended Motion within one year of the date of sentencing and the motion is timely.[13] Pursuant

---

[10] D.I. # 55.

[11] D.I. # 56.

[12] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[13] Super. Ct. Crim. R. 61(m)(1) and Super. Ct. Crim. R. 61(i)(1).

4

to Super. Ct. Crim. R. 61(i)(3) and (4) though, any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred. As an initial matter, Defendant did not raise any claims of prosecutorial misconduct or *Brady*[14] violations either before the trial court or on appeal, and these claims were waived and are now barred.[15] Defendant also affirmatively relinquished his right to cross-examine witnesses, and specifically waived any alleged errors or defects preceding entry of the plea, even those of constitutional dimensions related to the search warrant or timeliness of arrest and indictment.[16]

Defendant attempts to evade the procedural bars by couching his claims as ineffective assistance of counsel. Ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a

---

[14] *See Brady v. Maryland*, 373 U.S. 83 (1963) (finding that suppression by prosecutor of evidence favorable to accused upon request violates due process).

[15] To avoid the procedural bar, Defendant was required to demonstrate that an external impediment prevented him from presenting the issues earlier and actual prejudice resulting from the alleged error. *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[16] *Mack v. State*, 2019 WL 7342514, at *2 (Del. Dec. 30, 2019) citing *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015); *Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015). In Defendant's Reply Brief, he admits that "with the assistance of counsel, [he] knowingly, intelligently, and voluntarily entered a negotiated plea…" D.I. # 56 at para. 5.

motion for postconviction relief.[17]  In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[18]  When a defendant has pleaded guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.[19]  Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[20]  Mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[21]  Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[22]

---

[17] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[18] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[19] *State v. Hess*, 2014 WL 6677714, at * 6 (Del. Super., Nov. 20, 2014) (citations omitted).

[20] *State v. Wright*, 653 A.2d 288, 293-94 (Del. Super. 1994) (citations omitted).

[21] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[22] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

At the Plea Hearing, Defendant responded that he was satisfied with Trial Counsel's representation and he had not been coerced into entering the plea. In fact, when asked whether counsel had adequately answered his questions about the Plea Agreement, Defendant responded "completely."[23] Defendant also informed the Court that Trial Counsel had reviewed the Truth-in-Sentencing Form with him "100%."[24] Defendant fully acknowledged the rights that he was waiving and after the Court read the charges, he admitted that he had committed the offenses as charged.[25] A defendant's statements to the Court during the guilty plea colloquy are presumed to be truthful.[26] "Those contemporaneous representations by a defendant pose a "formidable barrier in any subsequent collateral proceedings.'"[27] Through his plea, Defendant waived any challenges to the timing or location of the arrest, the timeliness of the indictment and his presentation before a Magistrate, as well as any ability to contest the charges and search warrant.

---

[23] *See* Plea Transcript of December 3, 2018 at p. 6 (hereinafter "Plea Trans.").

[24] Plea Trans. at p. 6.

[25] Plea Trans. at pp. 6-7.

[26] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997), citing *Davis v. State*, 1992 WL 401566 (Del. Dec. 7, 1992); *Bramlett v. A.L. Lockhart*, 876 F.2d 644, 648 (8th Cir. 1989).

[27] *Id.*, citing *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (*quoting Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Assuming the claims are not procedurally barred, Defendant has likewise failed to demonstrate ineffective assistance of counsel. Trial Counsel attests that (1) there was no legal basis for the motions described by Defendant in his Amended Motion; and (2) Defendant admitted committing the acts and never professed to have an alibi. After consideration of the record, it is further evident that Defendant's claims are meritless.

First, although Defendant was arrested while incarcerated, 11 Del. C. §1911(d) permits any police officer to arrest any person at any location in the State for any offense committed within the jurisdiction of the officer's agency. In this case, Defendant was lawfully arrested by Investigator Solge, a member of the Child Predator Task Force.[28]

Second, Trial Counsel's failure to move to dismiss the Indictment was not unreasonable. Defendant was arrested on June 12, 2018 and the Indictment was issued on July 2, 2018, approximately twenty (20) days later. Defendant cites Superior Court Criminal Rule 48(b) and *State v. Jarman*, 1991 WL 302614 (Del. Super. Dec. 13, 1991) in support of his argument. Superior Court Criminal Rule 48(b) permits a court to dismiss a case if there is an "unnecessary delay" in the filing of an indictment. In *Jarman*, the court cited a recommendation of thirty (30) days

---

[28] *See* 11 Del. C. §§1911(d) and (a)(10).

between arrest and indictment, and addressed the almost five (5) month delay in that case. Here, less than a month passed, and pursuant to *Lum v. State*, 2017 WL 2665057, at *2 (Del. June 20, 2017), Delaware has held that there is no prejudice from a four month delay. Defendant has not established prejudice from the timing here nor a basis to dismiss the Indictment for unnecessary delay.

Third, Defendant argues that Trial Counsel was ineffective because he did not object to the date of the offense listed in the Indictment and Defendant had an alibi for the referenced date. Defendant waived any right to contest any purported error in the Indictment when he plead guilty. In addition, at the Plea Hearing, the trial judge read the charge, including the September 12, 2017 date, and Defendant admitted guilt.[29]

Fourth, any claim with respect to delay in the presentation before a Magistrate is baseless. Defendant was arrested on June 12, 2018, and processed on the warrant by a Magistrate, on that same date.[30]

Fifth, Defendant is correct that his interview in November of 2017 may have given the State a sufficient basis to pursue the charges. However, the State may

---

[29] Plea Trans. at pp. 7-8.

[30] *See* 11 Del. C. §1909(a) (requiring presentment without unreasonable delay, and no greater than 24 hours from time of arrest). Defendant mistakenly relies on the date the arrest warrant was issued – March 28, 2018 – and not the date of arrest, which was June 12, 2018.

commence a case at any time within five years after the crime is committed.[31] Therefore, the timing of the arrest did not violate Defendant's due process rights.

Last, Defendant argues Trial Counsel should have moved to suppress the search of his residence but there was no warrant for the search of the residence. An administrative search was conducted pursuant to 11 Del. C. §4321(d).[32] According to the State, nothing of value was obtained through that search. Defendant has not articulated a legal basis to suppress the search of the residence, nor any prejudice resulting from the search. Trial Counsel will not be faulted for failing to pursue motions that lack merit.

Finally, Defendant was facing a possibility of 50 years at Level V, and instead is expected to be released to Level III probation after serving 6 years at Level V. Defendant clearly benefited from the plea. In addition, it is worth noting that at the Sentencing Hearing, Defendant expressed remorse for his actions and advised the Court that he intended to use his time at Level V to better himself through the programs offered. Therefore, Defendant has not only failed to establish attorney error, but he has also not provided any justification for a finding that he suffered actual prejudice as a result of the proceedings.

---

[31] 11 Del. C. §205(b)(1). The case Defendant cites is inapposite as it deals with custodial interrogation and suppression of statements made during that time.

[32] Probation may conduct a warrantless search of an individual supervised by probation.

10

For all of the foregoing reasons, Defendant's Amended Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

cc:    Prothonotary
Kevin Boone
Periann Doko, Esquire

11